SO ORDERED.

SIGNED this 13 day of March, 2014.

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

GEORGIA ARNETTE GREEN,                    CHAPTER 13
                                          CASE NO.  13-02513-8-RDD
    DEBTOR

**ORDER**

Pending before the Court is the Order to Show Cause entered by this Court on February 20, 2014, directing Georgia Arnette Green (the "Debtor") to appear and show cause as to why this case should not be dismissed or other sanctions imposed based on the Debtor's failure to cure deficiencies. The Court conducted a hearing on March 6, 2014, in New Bern, North Carolina to consider the Order to Show Cause.

**FACTUAL HISTORY**

The Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on April 17, 2013. On November 25, 2013, the Debtor filed the Motion for Sanctions for Violation of the Automatic Stay (the "Motion for Sanctions"). On December 10, 2013, the Court docketed a Deficiency Notice informing the Debtor that the Motion for Sanctions:

> was not served upon an officer, a managing or general agent, or to any other agent authorized to receive service of process, as required by Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure. Upon

1

completion of proper service, a certificate of service should immediately be filed with the court. The motion was not served on the Attorney General as required by Rule 7004(b)(4) of the Federal Rules of Bankruptcy Procedure. The Attorney Generals address is 5137 Robert F. Kennedy Bldg., 10th St. and Constitution Ave. NW, Washington, DC 20530. Upon completion of proper service, a certificate of service should immediately be filed with the court. The notice of motion required by Local Bankruptcy Rule 9014-1(a), EDNC, was omitted.

The Debtor was given until December 20, 2013, to cure the deficiencies. The Debtor failed to cure the deficiencies by December 20, 2013.

On December 10, 2013, the Debtor filed the Motion to Leave the Court (docket #83). On December 12, 2013, the Court docketed a Deficiency Notice informing the Debtor that the Motion for Sanctions and the Motion to Leave the Court:

> was not served upon the party against whom relief is sought as required by Rule 9014(a) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court. The notice of motion required by Local Bankruptcy Rule 9014-1(a), EDNC, was omitted. The notice of motion did not provide a response time of 14 days as required by Local Bankruptcy Rule 9014-1(c), EDNC. The motion was not served on the North Carolina State Attorney General. The address for the Attorney General is 9001 Mail Service Center, Raleigh, NC 27699-9001. Upon completion of proper service, a certificate of service should immediately be filed with the court. The city or county was not served by certified mail to the attention of an officer as required by Rule 7004(b)(6) of the Federal Rules of Bankruptcy Procedure. Upon completion of proper service, a certificate of service should immediately be filed with the court.

The Debtor was given until December 27, 2013, to cure the deficiencies. The Debtor failed to cure the deficiencies by December 27, 2013.

On January 3, 2014, the Debtor filed an Amended Motion for Sanctions (the "Amended Motion"). On January 23, 2014, the Court docketed a Deficiency Notice informing the Debtor that: "[t]he pleading [the Amended Motion] was not served on the affected party." The Debtor was given until February 3, 2014, to cure the deficiencies. The Debtor failed to cure the

deficiencies by February 3, 2014. Each of the three Deficiency Notices discussed *infra* provided that: "[f]ailure to correct the deficiencies by the date indicated may result in the court assuming you no longer desire the relief requested and entering an order denying or dismissing the requested relief, or in the matter being forwarded to the judge for appropriate action."

On February 20, 2014, the Court entered an Order to Show Cause as to why this case should not be dismissed or other sanctions imposed based on the Debtor's failure to cure deficiencies.

The Debtor appeared at the hearing *pro se*. The Debtor represented that she is seeking sanctions against Detective B. Monett (individually), Sheriff Neil Elks (individually), Craig F. Goess, Inc. dba/Greenville Toyota, Craig F. Goess, Sr., Craig F. Goess, Jr., the State of North Carolina, Pitt County, Kimberly Robb (Pitt County North Carolina), Elect District Attorney, and James Saunders (Assistant District Attorney) (the "Affected Parties"). The Debtor was only able to produce what appeared to be certified mail receipts with no return receipt, signature, or certificate of service indicating what was served. The certified mail receipts were addressed to: (1) Federal Mutual Insurance; (2) Richard M. Stearns, Trustee; (3) Allen Thomas; and (4) the Attorney General (the "Certified Mail Receipts").

Mr. Charles McLawhorn appeared at the hearing on behalf of five persons who the Debtor attempted to serve with notice of the instant hearing, including Craig Goess, Sr., and Greenville Toyota. Mr. McLawhorn represented to the Court that none of his five clients were served in accordance with the Federal Rules of Bankruptcy Procedure ("FRBP"). Further, the Debtor's attempted service was mailed on March 3, 2014, just three days before the date of the hearing on March 6, 2014, which is insufficient notice under the FRBP. Mr. McLawhorn made an oral motion to sanction the Debtor in the amount of $1,500.00 for his attorney's fees for

3

having to appear before the Court to defend his clients against the Motion for Sanctions and the Amended Motion.

The Trustee appeared at the hearing. The Trustee represented to the Court that, based on the Debtor's pleadings and representations at the hearing, "it is evident that this [the Debtor's] plan serves no purpose" and that he does "not believe that there is a confirmable plan to be had in this case." As a result, the Trustee made an oral motion to withdraw the Motion for Confirmation and indicated that he was going to file a Motion to Dismiss the instant case. Further, the Trustee represented that "because of the repetitive nature of this case, it [the Motion to Dismiss] would be with prejudice."[1]

At the hearing, the Debtor was given ample opportunity to produce evidence that the Affected Parties were properly served in accordance with the FRBP. The Debtor was unable to produce any evidence that she filed a certificate of service with the Court for the Motion for Sanctions or the Amended Motion. None of the Certified Mail Receipts produced by the Debtor were addressed to Craig Goess, Sr., or Greenville Toyota. The docket reflected that a proper certificate of service had not been filed for the Motion for Sanctions or the Amended Motion.

## DISCUSSION

The Court has inherent power to sanction bad faith conduct under the doctrines discussed by the United States Supreme Court in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991); *see also Strag v. Bd. Of Tr.*, 55 F.3d 943, 955 (4th Cir. 1995) (holding that federal courts have the inherent power to sanction parties for certain bad faith conduct, even where there is no particular procedural rule that affirmatively invests the court with the power to sanction).

---

[1] The Debtor's previous filings are as follows: Bankruptcy Case No. 00-06924-8-JRL; 96-04066-8-JRL; 09-06673-8-RDD; 86-00941-5-ATS; 87-01280-5-ATS; and Adversary Proceeding No. 09-00219-8-RDD.

According to the Fourth Circuit, federal courts may use inherent power to impose bad faith sanctions on counsel "as well as to litigants." *LaRouche v. Nat'l Broad Co., Inc.*, 780 F.2d 1134, 1140 (4th Cir. 1986); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). In *Chambers,* the Supreme Court held that federal courts have the inherent power to assess attorney's fees as a sanction against litigants for bad faith conduct which amounts to abuse of the litigation process. *Chambers* 501 U.S. at 35. The Supreme Court explains that federal courts can exercise their inherent power to assess attorneys' fees as a sanction when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 45–46 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 258 (1975).

Congress also recognizes the inherent power to sanction pursuant to 11 U.S.C. § 105(a), which "allows a bankruptcy court to enter sanctions for abuse of judicial process." *In re Sledge*, 352 B.R. 742, 748 (Bankr. E.D.N.C. 2006); s*ee Rainbow Magazine, Inc.,* 77 F.3d 278, 284 (9th Cir.1996); *see also In re Courtesy Inns, Ltd.,* 40 F.3d 1084, 1089 (10th Cir.1994) ("We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers.*"). In *Rainbow,* the court opines that by granting bankruptcy courts the power under § 105(a) to *sua sponte* issue any order necessary to prevent an abuse of process, Congress implicitly recognizes that bankruptcy courts have the same inherent power to sanction that *Chambers* identifies. *Rainbow,* 77 F.3d at 284; *see In re Graffy*, 233 B.R. 894, 899 (M.D. Fla. 1999).

The *pro se* Debtor in the instant case has taken various actions that constitute conduct sanctionable under the doctrines discussed in *Chambers* and statutorily recognized under § 105(a). Despite the Office of the Clerk providing the Debtor with several Deficiency Notices informing the Debtor how to cure the deficient service and notice for the Motion for Sanctions,

5

the Amended Motion, and the Motion to Leave of Court (docket #83), the Debtor failed to take the appropriate steps to cure the deficiencies. Further, the Debtor attempted to serve, albeit improperly, five persons just three days before the hearing, which caused those served, one of which appeared at the hearing, to engage counsel, Mr. McLawhorn, to defend against the Motion for Sanctions and the Amended Motion.

After a careful examination of the contents of the Debtor's Motion for Sanctions, the Amended Motion, and the Motion to Leave the Court (docket #83), it appears to the Court that these motions are frivolous in that they have no legitimate factual or legal support and are not based on a good faith argument for the extension or reversal of existing law. For example, in the Motion for Sanctions, the Debtor requests "sanctions, a temporary restraining order, preliminary and permanent injunction, pursuant to 11 U.S.C. § 105(a), enjoining the prosecution of a criminal action against the State of North Carolina, Pitt County in the Superior Division of the Court."

The only allegations in the Motion for Sanctions even remotely related to a violation of the automatic stay are as follows: the "State of North Carolina sent Green an indicate letter on November 1, 2013 for Criminal Conversion and Unauthorized Usage of the 2010 Toyota Camry"; "Craig F. Goess, Inc., (Greenville, Toyota), and Craig F. Goess, Jr. . . . has harassed me bitterly"; and Pitt County Sheriff Neil Elks and Detective Monette, harassed and "maliciously prosecuted me."[2]

Further, the caption of the Amended Motion [for Sanctions] states "Notice of Motion for Order Extending Time to File Schedules and Statement of Intention" and "Emergency Motion

---

[2] Pursuant to 11 U.S.C. § 362(b), "[t]he filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding."

for Extension of Time for Cause Shown and on Notice to the United States Trustee to File Amendment Schedules and Statement of Intention." However, the Amended Motion does not request an extension of time. Rather, the Amended Motion makes various allegations concerning what the Debtor believes to be the unfair and deceptive trade practice of Craig Goess, Sr., and Greenville Toyota. The Amended Motion does not even allege that any creditor contacted the Debtor in any way. Therefore, the Motion for Sanctions and the Amended Motion do not state a plausible claim for relief for violation of the automatic stay.

Based on the foregoing reasons, the Court finds by clear and convincing evidence that the Debtor has acted in bad faith and has abused the judicial process. Therefore, the Debtor is subject to the Court's inherent power to sanction bad faith conduct and to sanction abuse of the judicial process under § 105(a).

**IT IS ORDERED** that the Motion for Sanctions, the Amended Motion, and the Motion to Leave the Court (docket #83) are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Debtor is sanctioned $1,500.00 for the attorney's fees incurred by Mr. McLawhorn's five clients, including Craig Goess, Sr., and Greenville Toyota in having to defend against the Debtor's frivolous motions. The Trustee is hereby **ORDERED** to forward the sum of $700.00 being held on behalf of the Debtor to defense counsel, Mr. Charles McLawhorn at 501 Greenville Blvd. SE, Greenville, NC 27858. The Debtor is **ORDERED** to pay the sum of $800.00 to Mr. Charles McLawhorn at 501 Greenville Blvd. SE, Greenville, NC 27858 on or before April 7, 2014, by 4:00 pm.

**SO ORDERED.**

**END OF DOCUMENT**